IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN REYES, | § | |
|     Plaintiff, | § | |
| v. | § | NO. EP-3:15-CV-00310-RFC |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

On October 5, 2012, Plaintiff filed an application for DIB, alleging a disability onset date of August 28, 2012. (R:154) His alleged disability stemmed from diabetes, high blood pressure, high cholesterol, back pain, and an amputated toe. (R:183) His application was denied initially and on reconsideration. (R:52, 62) Plaintiff filed a request for a hearing, which was conducted on May 15,

2014.  (R:30-44)  The Administrative Law Judge ("ALJ") issued a decision on August 4, 2014, denying benefits.  (R:17-25)  The Appeals Council denied review.  (R:1-9)

## ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence.  (Doc. 22:2)

Plaintiff contends that the ALJ's RFC determination that he retains the ability to perform a reduced range of light work[1] is not supported by substantial evidence and is the result of legal error. (Doc. 22:10)  He argues that he uses a cane to assist with ambulation, that his impairments are exacerbated by his obesity, and that the ALJ failed to make accommodations for these impairments. (Doc. 22:5, 8, 9)  He argues that if the ALJ had properly accommodated all of his limitations, Plaintiff would likely have been found to be limited to sedentary work.  (Doc. 22:10)  Then, the ALJ would have proceeded to step five of the sequential evaluation process, and Plaintiff would have been found disabled pursuant to Medical-Vocational Guideline Rule 201.09.  (*Id.*)  Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings.  (*Id.*)  Defendant responds that the ALJ used the proper legal standards, and that substantial evidence supports the ALJ's findings and conclusions.  (Doc. 23:7, 10)

---

[1] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.")  Additionally, SSR-83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

**DISCUSSION**

*I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

*II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The

claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had severe impairments of: degenerative disc and joint disease of the lumbar spine; cervical spondylosis; degenerative joint disease of the left knee; degenerative joint disease of the shoulders; hypertension; diabetes mellitus with peripheral neuropathy; and, obesity. (R:19) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. (R:20) After considering the entire record, she determined that Plaintiff retained the RFC to perform light work, except that he was limited to only occasional kneeling. (R:21) The ALJ determined that Plaintiff retained the capacity to perform his past relevant work as a sewing machine operator. (R:24) Consequently, she found that Plaintiff was not disabled. (R:25)

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

RFC is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments.  *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c).  A medically determinable impairment must be established by acceptable medical sources.  20 C.F.R. § 404.1513(a).  Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability.  *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

In arriving at her RFC determination, the ALJ relied primarily on the medical evidence in this case.  This included opinions provided by state agency physicians Dr. Kavitha Reddy and Dr. John H. Durfor, who both concluded that Plaintiff was not disabled.  (R:45-62)  Although the two physicians reached different conclusions regarding how much weight Plaintiff could lift and carry, they both opined that Plaintiff could perform light work.  (*Id.*)  These opinions supply substantial evidence in support of the ALJ's RFC determination.

The findings by Dr. Amakiri, in his consultative examination, included that Plaintiff had no limitations with speaking, hearing, and sitting.  (R:278)  He also concluded that Plaintiff had limitations with handling objects, carrying and lifting, moving around and standing.  (*Id.*)  Plaintiff was ambulatory with the use of a cane.  (R:277)  Nevertheless, the physical examination showed that Plaintiff' extremities appeared normal with no edema, and he had full hand strength.  (*Id.*)  While Plaintiff had positive straight leg raising tests, he was able to move his back without pain.  (*Id.*)  He exhibited full muscle strength, normal muscle tone, normal movements, normal reaching, normal fingering, and normal feeling.  (*Id.*)  The ALJ concluded that Dr. Amakiri's opinion was vague, inasmuch as it provided no quantifiable work-related limitations.  (R:24)  She accorded the opinion some weight, as is within her discretion.  (*Id.*)

Plaintiff's treating physician, Dr. Pablo Martinez, provided a list of impairments, which included: diabetes mellitus Type 2; dyslipidemia; allergic rhinitis; essential hypertension; chronic neck pain due to cervical spine spondylosis; osteoarthritis on the left knee; chronic back pain ; and, rotator cuff syndrome. (R:389) Nevertheless, Dr. Martinez, failed to report any functional limitations due to the conditions. *(Id.)* The mere presence of an impairment is not disabling *per se*. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).

Treatment notes from throughout the relevant period also support the ALJ's decision. Plaintiff repeatedly denied any gait disturbance, which conflicts with his claim that he needed a cane to walk. (R:310, 314, 334, 349, 361, 399) Other than Plaintiff's testimony, there is no objective evidence that a physician ever prescribed or recommended that he use a cane. Plaintiff also reported an improvement regarding his diabetes-related issues. (R:306) The ALJ considered all this evidence in arriving at her non-disability determination. (R:24)

The ALJ considered the impact of Plaintiff's obesity through the sequential evaluation process. (R:21) The ALJ considered all the pertinent listings and impairments in this regard. (R:20, 21) She noted that no treating or examining medical source had specifically attributed additional or cumulative limitations because of Plaintiff's obesity. (R:21) The Court finds that no error was committed by the ALJ.

Non-medical evidence of record also supports the ALJ's RFC determination. In a Disability Report regarding a face-to-face interview of Plaintiff conducted on October 5, 2012, L. Verdin observed no difficulties with standing, sitting, and walking. (R:180). Plaintiff reported that he prepared simple meals, shopped in stores, listened to music, watched television, attending church, visited with family, and read. (R:202-204) The ALJ considered these activities in arriving at her

RFC determination. (R:22) The ALJ can consider daily activities when determining a claimant's disability status. *See Leggett v. Chater*, 67 F.3d 558, 565 n. 12 (5th Cir. 1995).

The Court is mindful of Plaintiff's emphasis of record evidence which weighs in favor of disability. Plaintiff's evidence indicates, *inter alia*, that he has difficulty with lifting, walking, standing, reaching, and the use of his hands. (R:205,227, 235, 246) He testified that cannot work due to limitations stemming from diabetes, cholesterol, pain, impaired knees, his need to use a cane to ambulate, and eyesight issues. (R:40-43)

Unfortunately for Plaintiff, the question here is not whether there is some or even substantial evidence supporting Plaintiff's disability claim, but whether there is substantial evidence, which may be less than a preponderance of the evidence, to support the Commissioner's determination. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). In reviewing Plaintiff's no-substantial-evidence claim, the Court has considered the record as a whole and has taken "into account whatever in the record fairly detracts from its weight." *See Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). The ALJ found that statements made by Plaintiff regarding the intensity, persistence and limiting effects of his impairments were not credible to the extent that they were inconsistent with the RFC arrived at by her. (R:22, 24) It is within the ALJ's discretion to resolve conflicting evidence, including conflicting medical evidence. *See Jones v. Heckler*, 702 F.3d 616, 621 (5th Cir. 1983). To whatever degree the isolated evidence highlighted by Plaintiff might detract from the weight of the rest of the evidence in the record, it falls far short of that required to establish a no-substantial-evidence claim. Plaintiff's fails to preponderate against the ALJ's determination, much less establish a "conspicuous absence of credible choices" or "contrary medical evidence." *See Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

The ALJ considered whether the evidence of record as a whole was consistent with Plaintiff's alleged limitations. The only evidence supporting or consistent with additional limitations was Plaintiff's testimony and declarations, which the ALJ found credible only to the extent it was consistent with her RFC assessment, and thus, not credible to the extent he alleged greater limitations. It is for the ALJ and not the court to weigh the evidence and make credibility determinations. The ALJ addressed the relevant evidence, made credibility determinations, and explained the reasons for her RFC determination. Review of the objective medical evidence supports the ALJ's findings and RFC determination. Plaintiff's subjective complaints are insufficient to support his claims of disability. Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination, that there was no need to proceed to step five of the sequential evaluation process, and that no reversible error exists in this case.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on September 7, 2016.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE